IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PERRY T. PLOTKIN,<br>      **Plaintiff,**<br><br>v.<br><br>UCHICAGO ARGONNE LLC/<br>ARGONNE NATIONAL<br>LABORATORY,<br>      **Defendant.** | Case No. 23 C 3035<br>Judge Jorge L. Alonso |

## Memorandum Opinion and Order

Plaintiff Perry T. Plotkin ("Plaintiff") brings this action against UChicago Argonne LLC, d/b/a Argonne National Laboratory ("Defendant") following the termination of his employment, alleging disability and religious discrimination and retaliation. Defendant has moved to dismiss Plaintiff's original complaint ("Original Complaint") (ECF No. 1) under Federal Rule of Procedure 12(b)(5) for insufficient service of process, and Plaintiff's amended complaint (ECF No. 6) ("Amended Complaint") pursuant to Rule 15(c)(1)(B) and Rule 4(m), or, in the alternative, to strike the Amended Complaint for failure to comply with Rule 15(a)(2). For the following reasons, the Court denies Defendant's motion.

### Background

Plaintiff alleges that he was an employee of Defendant UChicago Argonne LLC/Argonne National Laboratory for more than 20 years. (Original Compl. ¶ 21, ECF No. 1.) On November 19, 2021, Plaintiff's employment with Defendant was terminated. (*Id*. ¶ 33.) Plaintiff filed a charge against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue on February 15, 2023. (*Id*. ¶ 8.) Within the 90-day deadline

from receipt of the Notice of Right to Sue, Plaintiff filed his Original Complaint in this Court against Defendant on May 15, 2023, for violations of Title I of the Americans with Disabilities Act ("ADA") and the Illinois Human Rights Act. (*Id*. ¶¶ 1-3.) On the same day, summons was issued to the United States Marshall's Office for service as to Defendant. (ECF No. 5.) However, no proof of service was ever filed on the docket. *See* Fed. R. Civ. P. 4(l)(1).

On September 7, 2023, Plaintiff filed an Amended Complaint with minor revisions to the Original Complaint. (Cover Letter to Am. Compl., ECF No. 6.) On September 8, 2023, 116 days after filing the Original Complaint, Plaintiff attempted to serve the Defendant by mailing a copy of the Original Complaint, Amended Complaint, and Waiver of Service of Summons to Defendant. (Pl's Resp. in Opp'n to Def.'s Mot. to Dismiss ¶ 2, ECF No. 11.) On October 2, 2023, Defendant filed a motion to dismiss the Original Complaint under Federal Rule of Procedure 12(b)(5) for insufficient service of process, and the Amended Complaint pursuant to Rule 15(c)(1)(B) and Rule 4(m), or, in the alternative, to strike the Amended Complaint for failure to comply with Rule 15(a)(2) (the "Motion" or "Mot."), which is now before the Court. (ECF No. 7.) In response ("Response" or "Resp."), Plaintiff requests that the Court either use its discretion to excuse the late service or in the alternative grant leave to serve Defendant with the Amended Complaint. (ECF No. 11.)

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff's action involves a federal question under Title I of the ADA, 42 U.S.C. § 12101 *et seq*. This Court has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367. *Bailey v. City of Chicago*, 779 F.3d 689, 696 (7th Cir. 2015) ("[28 U.S.C. § 1367] lays out a framework by which courts may exercise supplemental jurisdiction over state law claims that share 'a common

nucleus of operative facts' with a federal claim properly brought before the court." (quoting *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999))).

    I.    **Motion to Dismiss Original and Amended Complaints**

        a.    **Legal Standards**

Rule 4 of the Federal Rules of Civil Procedure sets out the requirements for service of process. *See* Fed. R. Civ. P. 4. To comply with Rule 4, a plaintiff must serve each defendant within 90 days of filing the complaint unless the plaintiff can show good cause for not being able to meet the deadline for service. *See* Fed. R. Civ. P. 4(m). If a defendant is not served before the 90-day clock expires, the defendant may move to dismiss the claim for insufficient service under Rule 12(b)(5). *See* Fed. R. Civ. P. 4(m), 12(b)(5).

In a motion to dismiss under Rule 12(b)(5) the plaintiff bears the burden of proof in showing good cause for failure to provide timely service. *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988). The Seventh Circuit has not developed a precise test for good cause under Rule 4(m) and the decision is ultimately left to the discretion of the trial court. *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993) (citing *Tso v. Delaney*, 969 F.2d 373, 375 (7th Cir. 1992)). However, "a plaintiff's attempts at service need be at the very least accompanied by some showing of reasonable diligence before good cause must be found." *Id.* (cleaned up).

In adjudicating a motion to dismiss for insufficient service of process, a court must either dismiss the claim without prejudice against the defendant or use its discretion to extend the deadline for service of process. *See* Fed. R. Civ. P. 4(m). But where plaintiff shows good cause for failing to serve the defendant in a timely manner, the court must grant an extension for service. *Id.*

Even without a showing of good cause, a court may exercise discretion to extend the deadline for service where there is excusable neglect. *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). In its assessment, the court may consider a number of factors including, but not limited to, whether the extension would harm the defendant's ability in defending the suit; whether the defendant received actual notice of the suit; whether statute of limitations would bar refiling of the action; whether the defendant evaded service; whether the defendant admitted liability; whether dismissal will result in a windfall to a defendant; whether the plaintiff eventually effected service; whether the plaintiff ever requested an extension from the court due to difficulties in perfecting service; and whether the plaintiff diligently pursued service during the allotted period. *See Jones v. Ramos*, 12 F.4th 745, 749 (7th Cir. 2021) (citing *Cardenas v. City of Chicago*, 646 F.3d 1001, 1006 (7th Cir. 2011)). While most courts would extend the deadline for service when these factors tip the balance of hardships in favor of the plaintiff, they are not required to do so. *See Coleman*, 290 F.3d 932 at 935; *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381 (7th Cir. 1998).

While self-representation does not necessarily establish good cause under Rule 4(m), *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001), in exercising its discretion a court may consider a plaintiff's diligence in pursuing service in light of their *pro se* status. *See Hurtado v. 7-Eleven, Inc.*, 508 F. App'x 564 (7th Cir. 2013). Some courts in this Circuit have granted a one-time extension to *pro se* plaintiffs and provided warning that they may face dismissal if service is not properly accomplished by the extended deadline. *E.g., id.*; *Batiste v. McCullough*, No. 12 CV 7863, 2014 WL 6846011, at *3 (N.D. Ill. Dec. 4, 2014); *Porche v. Oden*, No. 02 C 7707, 2003 WL 21799967, at *2 (N.D. Ill. July 30, 2003); *Giallanza v.*

4

*Intercontinental Hotels Grp, Inc.*, No. 03 C 7895, 2004 WL 1574227, at *1 (N.D. Ill. July 12, 2004).

### b. Discussion

It is undisputed that Plaintiff has failed to accomplish timely service. The Original Complaint was filed on May 15, 2023. The deadline to serve Defendant with the Original Complaint was on August 13, 2023. *See* Fed. R. Civ. P. 4(m). There is no indication on the docket or in the parties' submissions that Plaintiff served Defendant with the Original Complaint by August 13, 2023. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court."). Instead, Plaintiff filed the Amended Complaint on September 7, 2023, and attempted to serve Defendant the next day by mailing a copy of the Original Complaint, Amended Complaint, and Waiver of Service of Summons to Defendant—26 days past the deadline. Although Plaintiff filed the Amended Complaint before attempting to serve the Original Complaint, the time for service is nonetheless calculated from the filing of the Original Complaint. *See Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir. 1987) ("The purpose of allowing complaints to be amended is to enable the pleadings to be conformed to the developing evidence rather than to extend the time for service indefinitely.").[1]

First, the Court considers whether Plaintiff has met his burden of showing good cause for delay in service, in which case an extension of time would be mandatory under Rule 4(m).

---

[1] Defendant relies upon Rule 15(c)(1)(B) for the proposition that an amendment to a pleading relates back to the date of the original pleading for statute of limitation purposes but raises no statute of limitation argument. Defendant then goes on to argue that because the Amended Complaint relates back to the Original Complaint, the 90-day deadline for service of process that expired August 13, 2023, applies to both Complaints. The Court agrees that the time for service is calculated from the filing of the Original Complaint, but for the different reason explained above. *See Del Raine*, 826 F.2d at 705.

*See Panaras*, 94 F.3d at 340. To establish good cause, Plaintiff must provide evidence of reasonable diligence in attempting service. *Id.* Plaintiff has not met this burden.

Plaintiff's reasons for delay fall under three general categories: misunderstanding with respect to the deadline for service, various challenges in litigating the case due to his *pro se* status, and personal and family health related issues. (Resp. ¶ 4, ECF No. 11.) The Court considers all three categories and concludes that none of the reasons offered amounts to good cause.

Plaintiff states that his research led him to an out-of-date version of the Federal Rules of Civil Procedure in which the deadline for service was 120 days after filing the complaint. (Resp. ¶ 4(b), ECF No. 11.) But such a mistake only demonstrates Plaintiff's neglect—a failure to exercise reasonable diligence in attempting to serve Defendant.

At the core of Plaintiff's other cited reasons is his *pro se* status. Plaintiff argues that he should be given leeway for non-compliance with procedural rules because he is representing himself. (Resp. ¶ 4(e), ECF No. 11.) However, the Seventh Circuit has held that *pro se* status does not excuse a litigant's failure to comply with procedural rules. *McMasters*, 260 F.3d at 818.

Lastly, Plaintiff cites numerous personal and family health related issues as good cause for delaying service. (Resp. ¶¶ 4(h)–4(j), ECF No. 11.) While the Court is sympathetic, these reasons are unconvincing because Plaintiff had the option to request an extension of time to effect service due to such difficulties pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, prior to expiry of service period. However, Plaintiff never moved to extend the time for service.

In the absence of any valid reason for delay, the court finds no good cause for Plaintiff's failure to accomplish timely service. As a result, granting an extension of time is not mandatory

6

under Rule 4(m). *See Coleman*, 290 F.3d at 934. However, the Court's inquiry does not end there. Next, the Court examines whether an extension is nevertheless permissive due to excusable neglect. *Id*. To do so, it assesses the balance of hardships to the parties by examining the relevant factors set forth in *Jones*. *Jones*, 12 F.4th at 749.

First, Plaintiff would be time-barred from re-filing his claim. In this case, Plaintiff had 90 days from his receipt on February 15, 2023, of the Notice of Right to Sue from the EEOC—or until May 16, 2023—to file suit. (Original Compl. ¶¶ 8–9, ECF No. 1); 29 U.S.C. § 626(e). Plaintiff filed his Original Complaint on May 15, 2023. Therefore, Plaintiff's claims would be time-barred if they were dismissed now under Rule 12(b)(5) and Rule 4(m).

Second, in assessing whether Plaintiff diligently pursued service during the allotted period, the Court considers the reasons Plaintiff has offered in his Response. (Resp. ¶ 4, ECF No. 11.) Plaintiff's main excuse for delaying service is his mistaken belief that he had 120 days to serve Defendant. (Resp. ¶ 4(b), ECF No. 11.) Plaintiff explains that in researching and educating himself about procedural rules he inadvertently consulted a version of the Federal Rules of Civil Procedure prior to the December 1, 2015, amendment, in which the service period under Rule 4(m) was 120 days. *Id*. Plaintiff did attempt service on September 8, 2023, within what he believed was the correct service period. *Id.* Plaintiff's submissions suggest some efforts at accomplishing service. Moreover, Defendant's emphasis on the June 24, 2023, email communication in response to this particular point by Plaintiff is not persuasive, because the communication made no mention of the deadline for service. (Mot. Ex. 1., ECF No. 7-1.)

While an attorney is unlikely to be excused for making mistakes of this kind, given that Plaintiff is representing himself, this Court finds Plaintiff's mistake as to the correct service period forgivable. In granting discretionary extension of deadlines, courts in this Circuit have

found similar mistakes by *pro se* Plaintiffs excusable, granting at least a one-time extension and a warning that failure to meet the extended deadline may result in dismissal. *See Hurtado*, 508 F. App'x 564 at 564–65 (noting that the *pro se* plaintiff was previously granted an extension for service because the court found his initial mistaken belief that he had served the defendant excusable); *Porche*, 2003 WL 21799967, at *2 (granting *pro se* plaintiffs an extension for service because they made at least some effort to serve the defendant in a manner they believed to be appropriate); *Giallanza*, 2004 WL 1574227, at *1 (granting *pro se* plaintiff an extension to accomplish proper service when, despite multiple instances of non-compliance, plaintiff believed she had complied with procedural rules and that her complaint was received by defendants).

In the absence of argument or evidence from Defendant of actual harm in its ability to defend the suit, this Court declines to find that Defendant would be prejudiced by an extension for service. The extension has the mere effect of postponing the commencement of litigation. Furthermore, Defendant had actual notice of the suit as early as June 24, 2023, as evidenced by the email communication with Plaintiff on that date (Mot. ¶ 4, ECF No. 7), and so granting an extension would not cause any actual harm to Defendant. On the contrary, it would provide Defendant additional time to prepare its defense.

Under the totality of the circumstances in this case the balance of hardships favors Plaintiff. The Court finds excusable neglect and that an extension of time to effect service is proper here. *See Coleman*, 290 F.3d at 934. Defendant's motion to dismiss the Original Complaint and Amended Complaint is denied.

## II.     Alternative Motion to Strike the Amended Complaint

### a. Legal Standards

Rule 15(a)(2) allows a party to amend a pleading by either obtaining the written consent of the opposing party, or by leave of court. *See* Fed. R. Civ. P. 15(a)(2). Under this rule, a court has discretion to grant leave to amend a complaint freely "when justice so requires." *Id.* In assessing whether leave of court is proper, a court may consider factors including whether the opposing party would be prejudiced by allowing the amendment and whether the amendment would be futile. *See 188 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 739 (7th Cir. 2002). While parties invoking Rule 15(a)(2) typically file a formal motion seeking leave to amend, courts may liberally construe *pro se* plaintiffs' submissions as requesting leave to file an amended complaint. *See, e.g.*, *Porche*, 2003 WL 21799967, at *3 (construing plaintiff's submissions as motion for leave to file amended pleading).

### b. Discussion

Plaintiff filed his Amended Complaint on September 7, 2023, without having properly served the Original Complaint and after the deadline for serving the Original Complaint had passed. There is no indication in the record that Plaintiff sought or received Defendant's consent or sought leave of Court before filing his Amended Complaint. Plaintiff nonetheless requested in his Response leave to "file the Amended Complaint under Rule 15(a)(2)" (Resp. ¶ 10(d), ECF No. 11) and stated, "if a separate motion is desired/required, that can be provided." *Id*. This Court construes the request in Plaintiff's Response as a motion for leave to file the Amended Complaint. *See Porche*, 2003 WL 21799967, at *3.

Under Rule 15(a) courts allow amendments to be made at any time during litigation. *See National Org. for Women, Inc. v. Scheidler*, 267 F.3d 687, 707 (7th Cir. 2001). Despite being

9

initiated over one year ago, this case is in its infancy, and Defendant has not yet been properly served with either the Original or Amended Complaint. Defendant does not argue that it would be prejudiced if Plaintiff were to be granted leave to file the Amended Complaint; nor is there any indication that Defendant would be deprived an adequate opportunity to prepare its defense. Indeed, the Amended Complaint does not add new factual allegations or novel claims or add new defendants. Defendant does not argue that amendment would be futile. In keeping with the requirement to "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), this Court grants Plaintiff's request for leave to file the Amended Complaint. As a result, Defendant's alternative motion to strike the Amended Complaint is denied. The Court directs Plaintiff to file his Amended Complaint as a separate, standalone entry—without a cover letter—on the docket by July 23, 2024.

However, granting leave to file the Amended Complaint should not be construed as a waiver of Defendant's right to proper service of process. *See Troxell*, 160 F.3d at 383. Plaintiff must still serve Defendant with the operative complaint. Once an amended pleading is filed, it supersedes the prior pleadings. *See Wellness Cmty.–Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995).

Plaintiff can request waiver of formal service of summons by following the requirements set forth in Rule 4(d). *See* Fed. R. Civ. P. 4(d). But if Plaintiff does not attempt, or has attempted but failed, to secure a waiver of service, Plaintiff must perfect service in accordance with Rule 4. Service can be perfected, subject to the other requirements set forth in Rule 4, by delivering both a summons and a copy of the Amended Complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *See* Fed. R. Civ. P. 4(h)(1)(B). Such agent includes Defendant's registered agent, Kim Taylor, at 5801 S

10

Ellis Avenue, Suite 619, Chicago, IL 60637, found on the Office of the Illinois Secretary of State website. *See* https://apps.ilsos.gov/businessentitysearch/; *see also St. Paul Fire & Marine Ins. Co. v. Kiper & Son Trucking, L.L.C.*, No. 06 C 2626, 2006 WL 3147701, at *7 (N.D. Ill. Nov. 2, 2006) ("Service upon a registered agent constitutes service upon that party.").

## Conclusion

Defendant's motion [7] is denied. The Court directs Plaintiff to file his Amended Complaint as a separate, standalone entry—without a cover letter—on the docket by July 23, 2024. Plaintiff has until August 22, 2024, to perfect service of process of the Amended Complaint upon Defendant under Rule 4 of the Federal Rules of Civil Procedure. Failure to do so may result in dismissal of the case. Unless service is waived, Plaintiff must file proof of service with the Court pursuant to Fed. R. Civ. P. 4(l).

**SO ORDERED.**                                  **ENTERED: July 19, 2024**

_____
**HON. JORGE ALONSO**
**United States District Judge**