UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Perry Plotkin, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23-cv-3035 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| UChicago Argonne LLC; D/B/A Argonne National Laboratory, | ) ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum Opinion and Order**

Before the Court is Defendant UChicago Argonne LLC's motion to dismiss Plaintiff Perry Plotkin's amended complaint under Federal Rules of Civil Procedure 8, 10, and 12(b)(6). For the reasons stated below, Defendant's motion [18] is granted. Plotkin has leave to amend his complaint within 28 days of the entry of this order. If he does not do so, the Court will terminate this action.

**Background**

Plotkin worked for Defendant for over 20 years, most recently as an operations assistant. In September 2021, Defendant instituted a policy requiring its employees to receive the COVID-19 vaccine. Plotkin informed Defendant of religious beliefs that conflicted with receiving the COVID-19 vaccine or, in the alternative, mandatory testing for COVID-19. These beliefs include that Plotkin "view[s] the body as a sacred vessel that [he is] responsible for maintaining purity-of-being ('health,' 'whole,' 'holy') not 'play god' in genetic manipulation, not participating in lying corruption, extortion, tyranny, and hypocrisy, nor the wrongs of others doing them." (ECF No. 15 ¶ 55.) Defendant exempted Plotkin from vaccination but required him to undergo mandatory testing. At some point, Defendant told Plotkin not to arrive on-site to work. Defendant terminated

1

Plotkin on November 19, 2021.

Plotkin filed a charge against Defendant with the U.S. Equal Employment Opportunity Commission and received a Notice of Right to Sue on February 15, 2023. Plotkin filed this action on May 15, 2023, alleging Defendant's conduct violates the Americans with Disability Act, Title VII of the Civil Rights Act, and the Illinois Human Rights Act. On September 6, 2024, Defendant moved to dismiss Plotkin's complaint under Federal Rules of Civil Procedure 8, 10, and 12(b)(6). (ECF No. 18.)

## Legal Standard

The Court construes Plaintiff's *pro se* complaint liberally and holds it to a less exacting standard than it would a pleading drafted by an attorney. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027–28 (7th Cir. 2013) (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). A *pro se* plaintiff is still required to submit a complaint that includes a "a short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts also must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

## Discussion

From the complaint, the Court discerns that Plotkin is pleading claims for violation of the

2

ADA, Title VII, and the IHRA and declines to dismiss these claims under Rules 8 or 10. However, the Court dismisses Plotkin's claims under Rule 12(b)(6) because the complaint fails to state a claim upon which relief may be granted. This dismissal is without prejudice given Plotkin's *pro se* status and the fact that this is the first dismissal of his complaint. *Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 518 (7th Cir. 2015) ("In light of the presumption in favor of giving plaintiffs at least one opportunity to amend, denying a plaintiff that opportunity carries a high risk of being deemed an abuse of discretion." (internal citation omitted)).

I.     **Rules 8(a) and 10**

Defendant first argues that dismissal of the complaint is warranted because the complaint does not satisfy Rules 8(a) and 10 by providing Defendant proper notice of the claims it needs to defend against. "The primary purpose" of Rules 8 and 10 "is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). Under these rules, "dismissal is an appropriate remedy" "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct." *Id.* at 798.

Plotkin's complaint suffers from certain flaws with organization and coherence. For instance, Plotkin sets forth facts in two separate sections titled "Plain Statement" and "Statements of Fact." Within these sections the factual allegations are presented non-linearly, repeat themselves at times, and are intertwined with legal conclusions. However, the Court is nonetheless able to discern that Plotkin is pleading claims under the ADA, Title VII, and the IHRA because Plotkin references these statutes explicitly and accuses the Defendant of discrimination based on his alleged disability and religion. (*See, e.g.*, ECF No. 15 ¶¶ 1–4, 11, 14, 22, 24–31, 35–36, 42–47,

3

55–58, 60–61, 63–75, 77–79, 82.) Given the preference for resolving cases on the merits, the Court will not dismiss these claims under Rule 8(a) or Rule 10. *DeCola v. Starke Cnty. Council*, No. 22-3089, 2023 WL 3717487, at *1 (7th Cir. May 30, 2023) ("We prefer to decide cases on the merits when we can, and we can do so here.").

To the extent that Plotkin intended to plead other causes of action in his amended complaint, the Court dismisses those unidentified claims because it is unable to discern the facts giving rise to the wrongful conduct. Should Plotkin amend his complaint, the Court suggests that he attempts to organize his complaint in a more coherent manner, including presenting the factual allegations in chronological order and separately from legal conclusions, providing dates that correspond with his factual allegations where possible, explaining statements which are currently conclusory, and by addressing the other criticisms raised by Defendant. (ECF No. 16 at 6–8.)

## II. Plotkin Does Not State a Claim for Disability Discrimination

Plaintiff alleges that Defendant violated the ADA and the IHRA because it discriminated against him on the basis that he was "regarded as" or "recorded as" having a disability. (ECF No. 15 ¶ 1.) Specifically, he argues that Defendant's COVID-19 policies regarded him as having a diminished health capacity being unable to overcome COVID-19 naturally and being a direct threat to the health and safety of others. (*Id.* ¶¶ 27–28, 44–46.) Defendant argues that Plotkin's disability discrimination claims fail because he is not disabled within the meaning of the ADA. The Court agrees and dismisses Plotkin's disability discrimination claims without prejudice.

"A plaintiff charging violation of the Americans with Disabilities Act must allege that he is disabled within the meaning of the Act, is nevertheless qualified to perform the essential functions of the job either with or without reasonable accommodation, and has suffered an adverse

4

employment action because of his disability." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102(1). Paragraph (3) provides that "[a]n individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." *Id.* at § 3(A). Claims for disability discrimination under the IHRA are analyzed under the same framework as claims under the ADA. *Bilinsky v. Am. Airlines, Inc.*, 928 F.3d 565, 569 (7th Cir. 2019).

Plotkin does not allege he has a current mental or physical impairment, but instead that Defendant either recorded or regarded him as having an impairment because it believed that he was susceptible to contracting COVID-19. Such a claim is not cognizable under the ADA because the act does not "cover[] a situation where an employer views an applicant as at risk for developing a qualifying impairment in the future." *Shell v. Burlington N. Santa Fe Ry. Co.*, 941 F.3d 331, 335–36 (7th Cir. 2019). In light of this precedent, courts have frequently recognized, contrary to Plotkin's position, that a vaccine or testing requirement does not violate the ADA even if premised on the propensity of an employee to contract a disease. *Coggin v. Medline Indus., Inc.*, 749 F. Supp. 3d 960, 971 (N.D. Ill. 2024) ("[R]efusal to receive a vaccine is not a 'physical or mental impairment,' as numerous other courts have found." (collecting cases)); *Ellis v. United Airlines, Inc.*, No. 23 C 123, 2023 WL 5722887, at *2 (N.D. Ill. Sept. 5, 2023) ("In short, the fact that United

5

perceived Ellis as having a higher risk of contracting COVID-19 in the future due to his unvaccinated status does not allege a disability under the ADA. Every district court to address this issue thus far appears to have concluded the same." (collecting cases)). As such, Plotkin has not adequately pleaded that he is disabled within the meaning of the ADA or the IHRA, and the Court dismisses his disability discrimination claims without prejudice.[1]

### III. Plotkin Does Not State a Claim for Religious Discrimination

Plotkin alleges that his religious beliefs prevented him from being vaccinated against or tested for COVID-19, that Defendant failed to accommodate his beliefs, and that he was wrongfully terminated because of his beliefs. Defendant argues, among other things, that Plotkin has failed to state a claim for religious discrimination because he has not tied the COVID-19 testing requirement to any religious tenet he holds. Because IHRA and Title VII involve the same framework, the Court addresses Plotkin's IHRA and Title VII claims together. *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016) ("Illinois courts apply the federal Title VII framework to IHRA claims."). The Court agrees with Defendant that Plaintiff has failed to state a claim for disability discrimination.

Title VII makes it unlawful to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion[.]" 42 U.S.C. § 2000e-2(a)(1). In the Seventh Circuit, a claim for religious discrimination must be dismissed where a plaintiff "has not made a case for why the testing requirement itself burdened her religious

---

[1] Plotkin also seems to tie the religious discrimination he alleges to have faced to his claims for disability discrimination. Even assuming that religious discrimination was relevant to an ADA claim, it does not undercut the need to plead a qualified disability and does not save Plotkin's claim.

beliefs and practices." *Jackson v. Methodist Health Servs. Corp.*, 121 F.4th 1122, 1128 (7th Cir. 2024) (affirming dismissal of a Title VII claim regarding a COVID-19 testing requirement in lieu of vaccination where the beliefs articulated were general and not inconsistent with the testing requirement); *see also Flores v. Cook Cnty.*, No. 23 CV 16260, 2024 WL 3398360, at *2 (N.D. Ill. July 11, 2024) ("[C]ourts in this Circuit routinely dismiss religious discrimination claims arising from COVID-19 vaccine mandates where the plaintiff fails to adequately explain the connection between their opposition to the vaccine and a specific religious belief or practice." (collecting cases)); *Hassett v. United Airlines, Inc.*, No. 23 C 14592, 2024 WL 1556300, at *3 (N.D. Ill. Apr. 10, 2024) (dismissing complaint where there was "no self-evident connection" between the beliefs provided and the opposed vaccination requirement (collecting cases)).

Plotkin alleges that he informed Defendant that he "view[s] the body as a sacred vessel that [he is] responsible for maintaining purity-of-being ('health,' 'whole,' 'holy') not 'play god' in genetic manipulation, not participating in lying corruption, extortion, tyranny, and hypocrisy, nor the wrongs of others doing them" and "communicating (and maintaining) a relationship with a the Deity of Plaintiff's choice." (ECF No. 15 ¶¶ 55, 63.) Even assuming these beliefs are religious in nature, the Court cannot discern any connection between the beliefs and Defendant's COVID-19 testing requirement. And Plotkin's response to the motion to dismiss shines no light on such a connection, instead arguing that his grievance regarding testing is "not about genetic manipulation itself, it's the bigger picture" and testing is "one mechanism, one tool, used by extension, effect, and now excuse within the overarching discriminatory policy." (ECF No. 21 at 5.) While perhaps it is possible that the testing requirement violates one of Plotkin's articulated religious beliefs, he

7

has alleged no facts plausibly connecting any of those religious beliefs to the testing requirement.[2] As such, his claim for religious discrimination must be dismissed. *Iqbal*, 556 U.S. at 678; *Hassett*, 2024 WL 1556300, at *4 ("[T]he fact that Hassett need not provide supporting *evidence* at this stage does not excuse him from the well-established requirement that he must at least plead *facts* to support the plausible inference that United has violated Title VII." (emphasis in original)).

Accordingly, the Court dismisses Plotkin's IHRA and Title VII claims without prejudice. The Court does not reach the merits of Defendant's alternative arguments except to note that if Plotkin repleads his complaint, he should consider Defendant's alternative arguments for the dismissal of his religious discrimination claims.

## Conclusion

For the reasons stated above, Defendant's motion to dismiss [18] is granted. The Court grants Plotkin leave to file an amended complaint within 28 days of the entry of this order to add sufficient factual allegations to remedy the dismissed claims. If he does not do so, the Court will terminate this case on the understanding that Plotkin no longer wishes to pursue this action.

**SO ORDERED.**                                  **ENTERED: April 15, 2025**

                                                                   **HON. JORGE ALONSO**
                                                                   **United States District Judge**

---

[2] Plaintiff argues the religious exemption document he submitted to Defendant makes it clear that he can establish religious discrimination. (ECF No. 21 at 4.) However, this document has not been provided to the Court in the complaint or as an exhibit to Plotkin's response to Defendant's motion to dismiss. Should Plotkin amend his complaint, he is free to quote from this document or attach it as an exhibit to the complaint.